UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00534 (BRO) | Date | November 15, 2016 |
|---|---|---|---|
| Title | IN RE STEVE SEDGWICK | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

# ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER DENYING MOTION FOR AUTHORITY TO MAINTAIN ARBITRATION UNDER *BARTON DOCTRINE*

This matter is on appeal from the United States Bankruptcy Court for the Central District of California (the "Appeal"). Appellant-Debtor Steve Sedgwick appeals the Bankruptcy Court's order denying Appellant-Debtor's Motion for Authority to Maintain Arbitration Under *Barton* Doctrine[1] (the "*Barton* Motion Order"). The Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1).[2] After reading and considering the papers filed in connection with this Appeal, and for the reasons discussed below, the Court **AFFIRMS** the bankruptcy court's denial of Appellant-Debtor's Motion for Authority to Maintain Arbitration Under *Barton* Doctrine.

---

[1] The *Barton* doctrine provides that before a suit can be brought against a court-appointed receiver, "leave of the court by which he was appointed must be obtained." *Barton v. Barbour*, 104 U.S. 126, 127 (1881). This doctrine has been applied to bankruptcy proceedings and requires a party to "obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." *In re Crown Vantage, Inc.*, 421 F.3d 963, 971 (9th Cir. 2005). If leave of the bankruptcy court is not obtained, the other forum lacks subject matter jurisdiction over the suit. *Id.*

[2] Section 158(a)(1) grants district courts the jurisdiction to hear appeals "from final judgments, orders, and decrees."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00534 (BRO) | Date | November 15, 2016 |
|---|---|---|---|
| Title | IN RE STEVE SEDGWICK | | |

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 8, 2012, Appellant-Debtor Steve Sedgwick ("Appellant") filed a voluntary petition for Chapter 11 bankruptcy in the Central District of California. (1 AA 7.)[3] In March 2013, Appellant substituted Shulman, Hodges & Bastian LLP, including Leonard Shulman and Mark Bradshaw, (collectively, "Appellees") as his bankruptcy counsel. (Appellant's Opening Br. ("AOB") Ex. 8.) The terms of Appellees' employment were governed by a fee agreement with Appellant (the "Fee Agreement"). (AOB at 2.) On July 21, 2014, Appellant substituted Michael Berger as his bankruptcy counsel. (1 AA 48.)

On September 15, 2014, Appellees filed their first and final application for approval of fees and reimbursement of expenses (the "Fee Application"). (9 AA 1623.) Appellant opposed the Fee Application and alleged several instances of misconduct by Appellees in their role as Appellant's bankruptcy counsel. (11 AA 2168–69.) The bankruptcy court then denied Appellees' Fee Application and ordered Appellees to disgorge all money previously received from Appellant. (1 AA 55.) Appellant and the trustee then entered into a Global Case Settlement, which was approved by the bankruptcy court. (12 AA 2291–2320; 2322–23.)

On April 28, 2015, Appellant sent a demand for arbitration to JAMS. (4 AA 582.) Appellees then filed a motion to dismiss the arbitration on the grounds that Appellant violated the *Barton* doctrine by failing to seek leave from the bankruptcy court prior to commencing the arbitration, and thus the arbitrator lacked subject matter jurisdiction. (4 AA 611–83.) The arbitrator dismissed the arbitration on these grounds on February 23, 2016. (AOB at 7.)

The bankruptcy court dismissed Appellant's bankruptcy and closed the case on June 26, 2015. (AOB Ex. 4, 1 AA 71.) In December 2015, Appellant moved to reopen his bankruptcy in order to seek permission to maintain his arbitration under the *Barton* doctrine and to invalidate the bankruptcy court's prior order approving Appellees as Appellant's counsel. (AOB Ex. 15.) On January 6, 2016, the bankruptcy court granted

---

[3] All citations to "AA" refer to Appellees' Appendix to its Opening Brief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00534 (BRO) | Date | November 15, 2016 |
|---|---|---|---|
| Title | IN RE STEVE SEDGWICK | | |

Appellant's motion to reopen his bankruptcy case for the purposes of seeking permission to maintain his arbitration under the *Barton* doctrine, but denied his motion to reopen his bankruptcy to seek to invalidate Appellees' employment. (16 AA 3051–55.)

Appellant then filed a motion seeking retroactive permission from the bankruptcy court under *Barton* to maintain his arbitration ("*Barton* Motion"), which Appellees opposed. (AOB Ex. 1; 4 AA 544–80.) On March 4, 2016, the bankruptcy court denied the Motion. AOB Ex. 6. On March 22, 2016, Appellant filed his notice of appeal. (Dkt. No. 1.)

## II. STANDARD OF REVIEW

A district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Fed. R. Bankr. P. 8013; *In re Gebhart*, 621 F.3d at 1209. "The clear error standard is significantly deferential and is not met unless the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Fisher v. Tucson Unified Sch. Dist.*, 652 F.3d 1131, 1136 (9th Cir. 2011) (internal quotation marks omitted). Thus, a court's factual determination is clearly erroneous only if it is illogical, implausible, or "without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (internal quotation marks omitted).

A district court reviews the bankruptcy court's decision to grant *nunc pro tunc* relief for abuse of discretion or erroneous application of the law. *In re Harbin*, 486 F.3d 510, 517 (9th Cir. 2007). A court will not "reverse the *nunc pro tunc* aspect of the bankruptcy court's order . . . unless [it has] a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached." *In re Bonham*, 229 F.3d 750, 763 (9th Cir. 2000).

## III. DISCUSSION

Appellant identifies six issues for consideration in this Appeal. (AOB at 8–9.) Nevertheless, many of the issues overlap significantly, and Appellant has not directly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00534 (BRO) | Date | November 15, 2016 |
|---|---|---|---|
| Title | IN RE STEVE SEDGWICK | | |

addressed all of the issues in his Opening or Reply briefs[4]. Accordingly, the Court will not individually discuss all six issues. Rather, the Court has consolidated the issues and will address only the following questions raised by this Appeal: (1) whether the bankruptcy court erred in denying Appellant retroactive authority under the *Barton* doctrine in order to maintain his arbitration; and (2) whether the bankruptcy court erred in finding that it did not grant implicit authority under the *Barton* doctrine when it approved Appellees' employment. To the extent Appellant has framed arguments concerning these questions as separate issues on appeal, the Court addresses these arguments in its discussion below.

The Court begins with a brief discussion of Appellant's ability to appeal the bankruptcy court's denial of Appellant's motion to reopen his bankruptcy to invalidate the bankruptcy court's prior order approving Appellees as Appellant's counsel. The Court then considers whether the bankruptcy court erred in finding that res judicata bars Appellant's claim against Appellees, and whether the court erred in declining to grant *nunc pro tunc Barton* approval. Finally, the Court addresses Appellant's argument that the bankruptcy court implicitly granted Appellant authority under the *Barton* doctrine by approving the employee agreement between Appellant and Appellees.

### A. Appellant's Request to Revoke Employment

Appellant argues that the bankruptcy court erred in refusing to revoke its prior order approving Appellees as Appellant's bankruptcy counsel. (AOB at 20–29.) However, the instant *Barton* Motion Order is limited in scope to the bankruptcy court's denial of Appellant's motion to maintain arbitration under *Barton* doctrine. In December 2015, after his bankruptcy case was closed, Appellant moved to reopen his case for two reasons: (1) to seek permission to maintain his arbitration under the *Barton* doctrine; and (2) to invalidate the bankruptcy court's prior order approving Appellees as Appellant's

---

[4] An appellant's brief must contain "the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. Bankr. P. 8014(a)(8). In applying rule 8014(a)(8), district courts have held that an issue has been waived if it is merely listed in the opening brief without being addressed in the argument section. *In re Residential Capital, LLC*, 552 B.R. 50, 62 n.9 (S.D.N.Y. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00534 (BRO) | Date | November 15, 2016 |
|---|---|---|---|
| Title | IN RE STEVE SEDGWICK | | |

counsel. (AOB Ex. 15.) On January 6, 2016, the bankruptcy court granted Appellant's motion to reopen his bankruptcy case for the purpose of seeking permission to maintain his arbitration under the *Barton* doctrine, but denied his motion to reopen his bankruptcy to seek to invalidate the court's prior order approving Appellees as Appellant's counsel. (16 AA 3051–55.)

Appellant argues that the decision to deny the revocation of Appellees' employment is part and parcel of the *Barton* Motion Order. (Appellant's Reply Br. at 7.) Despite Appellant's contention to the contrary, the bankruptcy court treated Appellant's request to maintain his arbitration under the *Barton* doctrine as a separate issue from Appellant's request to revoke the bankruptcy court's prior approval of Appellees' employment. The bankruptcy court granted Appellant's motion to reopen his bankruptcy case for the purpose of seeking permission to maintain his arbitration under the *Barton* doctrine in its January 6, 2016 order. (16 AA 3051–55.) However, in the very same order, the bankruptcy court specifically denied Appellant's motion to reopen his bankruptcy to seek to invalidate the court's prior order approving Appellees' employment. *Id.* Further, the bankruptcy court expressly limited its considerations in the *Barton* Motion Order, stating that the bankruptcy case was reopened for the "sole purpose of obtaining an order permitting the Debtor to pursue arbitration against his former lawyers." (*Barton* Mot. Order Ex. A at 1.) Thus, this Court finds that the revocation of Appellees' employment is a separate issue from Appellant's request for retroactive authority under the *Barton* doctrine and was not a part of the bankruptcy court's *Barton* Motion order.

"A notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). "The timely appeal requirement is jurisdictional. *Preblich v. Battley,* 181 F.3d 1048, 1056 (9th Cir.1999). '[T]he failure to timely file a notice of appeal is a jurisdictional defect barring appellate review.'" *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007) (quoting *In re Long*, 255 B.R. 241, 243 (B.A.P. 10th Cir.2000)). "The purpose of the Rule is to enable 'prompt appellate review, often important to the administration of a case under the Code.'" *Id.* (quoting Fed. R. Bankr. P. 8002 advisory committee note). The bankruptcy court filed its order on March 4, 2016. (*In re Sedgwick*, No. 12 Bankr. 18323, Dkt. No. 516 (C.D. Cal. filed March 4th, 2016)). Appellant filed his appeal until March

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00534 (BRO) | Date | November 15, 2016 |
|---|---|---|---|
| Title | IN RE STEVE SEDGWICK | | |

22, 2016. (Dkt. No. 1.) Thus, Appellee did not file an appeal of the bankruptcy court's order denying Appellant's motion to reopen his bankruptcy to seek to invalidate the bankruptcy court's order approving Appellees' employment within 14 days of the entry of that order. (Dkt. No. 1.) Accordingly, this Court does not have jurisdiction to hear Appellant's appeal of this issue. *Preblich*, 181 F.3d at 1056.

### B. Appellant's Request for Retroactive Authority Under the *Barton* Doctrine

Appellant argues that the bankruptcy court erred in denying Appellant retroactive leave under the *Barton* doctrine in order to maintain his arbitration. (AOB at 20–29.)

The *Barton* doctrine is derived from the United States Supreme Court decision in *Barton v. Barbour* and states that " before suit is brought against a [court-appointed] receiver [,] leave of the court by which he was appointed must be obtained." 104 U.S. 126, 127 (1881). Permitting a suit without leave of the appointing court, amounts to a "usurpation of the powers and duties which belonged exclusively to [the appointing] court." *Id.*

The Ninth Circuit has applied the *Barton* doctrine to trustees in bankruptcy proceedings because "'[t]he trustee in bankruptcy is a statutory successor to the equity receiver, and it had long been established that a receiver could not be sued without leave of the court that appointed him.'" *In re Crown Vantage, Inc.*, 421 F.3d 963, 971 (9th Cir. 2005) (quoting *Matter of Linton*, 136 F.3d 544, 545 (7th Cir. 1998)). The Ninth Circuit has further extended the *Barton* doctrine to other court-appointed officers that represent the estate. *Id.* at 973; *see also In re Kashani*, 190 B.R. 875, 883 (B.A.P. 9th Cir. 1995) (explaining that courts have not distinguished between court-appointed officers and court-approved officers). Thus, "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." *In re Crown Vantage*, 421 F.3d at 970. If leave of the bankruptcy court is not obtained, the other forum lacks subject matter jurisdiction over the suit. *Id.* at 971.

Here, Appellant sought to initiate arbitration against Appellees because of allegations of malpractice in connection with Appellant's bankruptcy. The *Barton* doctrine is applicable because Appellant sought to bring an action in another forum

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00534 (BRO) | Date | November 15, 2016 |
|---|---|---|---|
| Title | IN RE STEVE SEDGWICK | | |

against Appellant's court-approved bankruptcy counsel for malpractice committed by Appellees in their official capacity as Appellant's bankruptcy attorneys. (4 AA 582.)

Appellant correctly recognizes that the *Barton* doctrine is applicable to this matter. (AOB at 10–20.) However, Appellant contends that the court erred in denying Appellant retroactive leave under the *Barton* doctrine. (*Id.* at 10–20.) Appellant argues that the bankruptcy court erred in refusing to grant leave under *Barton* because res judicata was not applicable. (*Id.* at 29–31.) Appellant also argues that the bankruptcy court erred in not granting *nunc pro tunc* relief because of the unique facts of this case. (*Id.* at 36–44.)

**1. Res Judicata**

Res judicata bars lawsuits based on "'any claims that were raised or could have been raised' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Res judicata applies to bar a suit where there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart*, 297 F.3d at 956 (internal citation and quotation marks omitted). *See generally, Stan Lee Media Inc.* v. Lee, 2:07-CV-00225-SVW, 2012 WL 4048871 (C.D. Cal. Aug. 23, 2012).

Here, it is undisputed that the parties are identical and that a final judgment on the merits was entered in the bankruptcy court's order on the Fee Application. (AOB at 29–31.) Appellant contends only that the malpractice claim that he brought in arbitration is distinct from the bankruptcy court's determination regarding the Fee Application, and thus the bankruptcy court erred in finding that res judicata was applicable. (*Id.*)

The Ninth Circuit looks to four factors to determine whether the same cause of action is involved in two proceedings, namely whether:

> (1) rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) substantially the same evidence is presented in the two actions; (3) the two suits involve infringement of the same right; and (4) the two suits arise out of the same transactional nucleus of facts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00534 (BRO) | Date | November 15, 2016 |
|---|---|---|---|
| Title | IN RE STEVE SEDGWICK | | |

*Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980).

Here, substantially the same evidence would be presented in both actions. In their opposition to the Fee Application, Appellant raised numerous instances of Appellees' misconduct during their representation of Appellant, and those instances of misconduct would have been the foundation for Appellant's malpractice claim. (11 AA 2168–69.) The two actions arise out of the infringement of the same right, specifically Appellant's right to competent counsel, and involve the same transactional nucleus of facts. The remaining question centers on whether the interests or rights that were established in the bankruptcy court's order on the Fee Application would be destroyed or impaired by the arbitration.

The crux of the issue is whether the bankruptcy court's decision that Appellees were due no fees, and in fact had to return previously paid fees, encompasses Appellant's malpractice claim for additional damages. Courts have held that a bankruptcy debtor's malpractice claim is barred by res judicata based on the final fee award from the bankruptcy court. *Grausz v. Englander*, 321 F.3d 467, 469 (4th Cir. 2003). In making this determination, the court analyzed whether the debtor "knew or should have known before the fee proceeding ended of the real likelihood of a malpractice claim, and (2) whether the fee proceeding in bankruptcy court provided [debtor] an effective forum to litigate his malpractice claim." *Id.*

Here, Appellant knew at the time of the fee proceeding that there was a likelihood of a malpractice claim. Appellant raised numerous instances of Appellees' misconduct in his opposition to the Fee Application. (11 AA 2168–69.) It also appears that the fee proceeding provided an effective forum for Appellant to litigate his malpractice claim. Appellant had the opportunity to submit a claim for affirmative relief in his opposition to the Fee Application, which would have commenced an adversarial proceeding. Fed. R. Bankr. P. 3007; *see also Grausz*, 321 F.3d at 474 (holding that the commencement of an adversary proceeding regarding counsel's malpractice was appropriate during the final fee proceedings). The bankruptcy court stated that it would have considered such a request for the commencement of adversarial proceedings. (*Barton* Mot. Order Ex. A at 4.) The bankruptcy court also stated that if Appellant had made such a request, the bankruptcy court could have given Appellant leave under the *Barton* doctrine to pursue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00534 (BRO) | Date | November 15, 2016 |
|---|---|---|---|
| Title | IN RE STEVE SEDGWICK | | |

his claim in arbitration. *Id.* Thus, Appellant knew that there was a likelihood that he had a malpractice claim against Appellees and the fee proceedings provided Appellant an effective forum to litigate that claim.

The Court finds that a final judgment on the merits was issued by the bankruptcy court, that the issue of malpractice could have and should have been litigation at that time, and that the same parties were involved in both matters. Thus, res judicata bars plaintiff's malpractice claim. However, as explained below, even if Appellant's claim was not barred by res judicata, he was not entitled to *nunc pro tunc* approval under the *Barton* doctrine.

### 2. Failure to Demonstrate Exceptional Circumstances

Appellant argues that the bankruptcy court erred in not issuing *Barton* doctrine approval *nunc pro tunc* because of the unique facts of this case. (AOB at 36–44.)

"The power to amend *nunc pro tunc* is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice." *Martin v. Henley*, 452 F.2d 295, 299 (9th Cir. 1971). "It does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose." *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000). "[I]ts use is limited to making the record reflect what the district court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence." *Id.*

First, Appellant has not offered any direct support that a bankruptcy court has the authority to issue an order granting leave under the *Barton* doctrine *nunc pro tunc*, and the Court has found none. Appellant instead contends that the grant of *nunc pro tunc* is analogous to bankruptcy courts' authority to issue *nunc pro tunc* orders approving employment. (AOB at 36–40.)

The Ninth Circuit has held that bankruptcy courts have authority to grant *nunc pro tunc* orders authorizing the employment of counsel. *Matter of Laurent Watch Co., Inc.*, 539 F.2d 1231 (9th Cir. 1976). However, *nunc pro tunc* approval is only granted in "exceptional circumstances." *In re Mehdipour*, 202 B.R. 474, 479 (B.A.P. 9th Cir. 1996), *aff'd*, 139 F.3d 1303 (9th Cir. 1998). Courts have held that "there is no *right* to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00534 (BRO) | Date | November 15, 2016 |
|---|---|---|---|
| Title | IN RE STEVE SEDGWICK | | |

*nunc pro tunc* order." *In re Kroeger Properties & Dev., Inc.*, 57 B.R. 821, 822 (B.A.P. 9th Cir. 1986). Further, there is no abuse of discretion where a bankruptcy court has denied to issue a *nunc pro tunc* order where the only excuse for failing to seek prior approval was negligence. *Id.*

Even assuming that *nunc pro tunc Barton* approval is permissible, Appellant has failed to explain the exceptional circumstances that would excuse his failure to seek *Barton* approval prior to the commencement of his arbitration. Appellant relies upon the language in the Fee Agreement, which states that "either party may initiate the arbitration process, without resort to any court proceedings." (AOB at 2.) Appellant asserts that one interpretation of the Fee Agreement is that either party may proceed directly to arbitration without the need for compliance with the *Barton* doctrine; the other interpretation of the Fee Agreement is that *Barton* doctrine compliance is necessary. (*Id.* at 33.) Appellant maintains that California law dictates that the ambiguity should be construed against Appellees because Appellees drafted the Fee Agreement. (*Id.*) Appellant contends that this ambiguity is what led him to fail to seek *Barton* approval prior to the commencement of the arbitration and constitutes an "extraordinary circumstance." (*Id.* at 40.) Thus, Appellant argues that the bankruptcy court erred by declining to grant *nunc pro tunc Barton* approval in light of these circumstances. (*Id.*)

This Court is not persuaded that an ambiguity in the Fee Agreement exists because Appellant's interpretation of the Fee Agreement is not valid. As Appellant concedes, the purpose of the *Barton* doctrine is to protect courts from the usurpation of power that is exclusively theirs. (*Id.* at 11.) Appellant further concedes that the application of the *Barton* doctrine in the context of a bankruptcy enables the bankruptcy court to maintain control over the proceedings and effectively and efficiently administer the claims of all creditors. (*Id.* at 11–12.) Whether or not to grant leave under *Barton* to bring suit in another forum is at the discretion of the court. Appellant has provided no authority to support his contention that parties can enter into an agreement to waive the requirement of *Barton* approval, and effectively circumvent this power from the court. This Court finds that California law does not dictate that the Fee Agreement should be interpreted to not require leave under the *Barton* doctrine.

Appellant has made no allegations that he was not represented by counsel or that he did not have adequate time to seek *Barton* approval. On August 13, 2014, Appellant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00534 (BRO) | Date | November 15, 2016 |
|---|---|---|---|
| Title | IN RE STEVE SEDGWICK | | |

substituted his current counsel in for Appellees.  (1 AA 48.)  This substitution occurred prior to the commencement of arbitration proceedings or even Appellees' Fee Application.  Therefore, Appellant had the ability and opportunity to seek *Barton* approval, but failed to do so only because of his interpretation of the Fee Agreement.  Appellant's erroneous interpretation of the Fee Agreement, and his belief that he was not required to seek approval under the *Barton* doctrine, are not exceptional circumstances.

### 3. *Nunc Pro Tunc* Orders are Discretionary

A district court reviews the bankruptcy court's decision to grant *nunc pro tunc* relief for abuse of discretion or erroneous application of the law.  *In re Harbin*, 486 F.3d at 517.  Thus, a court will not "reverse the *nunc pro tunc* aspect of the bankruptcy court's order . . . unless [it has] a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached."  *In re Bonham*, 229 F.3d at 763.

As stated above, the bankruptcy court did not err in finding that Appellant's claim was barred by res judicata.  However, although the application of res judicata appears to comprise a portion of the bankruptcy court's analysis, the bankruptcy court considered additional factors in deciding whether or not to grant *nunc pro tunc* relief.  The bankruptcy court also stated that it was not "persuaded that sufficient reasons are shown here for such extraordinary relief.  Debtor's authorities on the issue mostly concerning retroactive employment in bankruptcy are largely distinguishable." (*Barton* Mot. Order Ex. A at 2.)  As explained above, the bankruptcy court did not err in finding that Appellant did not provide direct support for his contention that a bankruptcy court has authority to issue *nunc pro tunc Barton* authority.  Similarly, the bankruptcy court did not err in finding that Appellant failed to demonstrate the exceptional circumstances necessary to merit *nunc pro tunc* relief.  Appellant did not have a right to a *nunc pro tunc* order.  *In re Kroeger Properties* 57 B.R at 822.  Therefore, even if Appellant's claim was not barred by res judicata, the bankruptcy court could decline to issue *nunc pro tunc* relief because the bankruptcy court thought that this case was distinguishable from the *nunc pro tunc* approval of employment or because the bankruptcy court thought that Appellant failed to demonstrate exceptional circumstances.  This Court cannot find that the bankruptcy court committed a clear error of judgment.  Accordingly, the bankruptcy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00534 (BRO) | Date | November 15, 2016 |
|---|---|---|---|
| Title | IN RE STEVE SEDGWICK | | |

court did not abuse its discretion in denying to issue *nunc pro tunc* approval under the *Barton* doctrine.

### C. Implicit *Barton* Authority

Appellant argues that the bankruptcy court erred in not finding that it had previously granted implicit *Barton* authority when it approved Appellees' employment application. (AOB at 31–33.)

In bankruptcy proceedings, the debtor may employ counsel "with the court's approval." 11 U.S.C § 327. The employment application must contain the "name of the person to be employed, the reasons for the selection, the professional services to be rendered, [and] any proposed arrangement for compensation . . . ." Fed. R. Bankr. P. 2014.

Appellant contends that the bankruptcy court implicitly granted *Barton* authority to Appellant because the bankruptcy court approved Appellees employment application, including the Fee Agreement that contained the following phrase: "either party may initiate the arbitration process, without resort to any court proceedings." (AOB at 2; 31–33.) However, Appellant's motion for order authorizing the employment of Appellees did not include a copy of the Fee Agreement and also did not reference or incorporate the Fee Agreement. (AOB Ex. 9). Further, the bankruptcy court's order approving the employment of Appellees as Appellant's bankruptcy counsel did not explicitly approve the Fee Agreement or reference or incorporate the agreement in any way. (AOB Ex. 10). Thus, this Court finds that the bankruptcy court did not approve the Fee agreement, and therefore did not implicitly grant *Barton* leave by approving Appellant's motion for order authorizing the employment of Appellees. Accordingly, the bankruptcy court did not err in finding the same.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that: (1) Appellant's claim is barred by res judicata; (2) the bankruptcy court did not abuse its discretion is declining to issue *nunc pro tunc* relief because of the specific facts of this case; and, (3) the bankruptcy court did not implicitly grant Appellant's *Barton* approval when it approved

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 16-00534 (BRO) | Date | November 15, 2016 |
|---|---|---|---|
| Title | IN RE STEVE SEDGWICK | | |

Appellees' employment. The Court therefore **AFFIRMS** the bankruptcy court's Order Denying Motion for Authority to Maintain Arbitration Under *Barton* Doctrine.

**IT IS SO ORDERED.**

:

Initials of Preparer